# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2021

Lyle W. Cayce
Clerk

No. 20-30503
Summary Calendar

Jenny Y. Chow, *also known as* Yi Jing Wong Chow; Peter S. Chow,

*Plaintiffs—Appellants*,

*versus*

United States; State of Alaska; State of California; City of Pomona; Harold W. Green, Jr., *doing business as* Green Law Offices; Thomas J. Yerbich, *doing business as* Thomas J Yerbich Law Offices; Hollins & Associates; Alvarez-Glasman & Colvin; Dyna Garcia; Allstate Insurance Company; Unidentified Parties,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-13217

Before King, Higginson, and Willett, *Circuit Judges*. .

PER CURIAM:*

Jenny Y. Chow and Peter S. Chow filed a pro se complaint alleging a wide-ranging civil conspiracy that spanned three decades and involved numerous defendants. The Chows allege that these defendants conspired to commit treason and deprive the Chows of their constitutional rights. The Chows seek authorization to proceed in forma pauperis (IFP) in their appeal of the district court's dismissal of their complaint based on lack of personal jurisdiction, improper venue, res judicata, collateral estoppel, failure to state a claim, and sovereign immunity.

By seeking leave to proceed IFP on appeal, the Chows challenge the district court's certification that their appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To obtain leave to proceed IFP, the Chows must show both that they are financially eligible and will present a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). The Chows' financial declarations show that they are sufficiently impecunious to proceed as paupers. Thus, the pertinent question is whether they have shown that they will raise a nonfrivolous issue on appeal. *See id.*

In their brief, the Chows challenge the district court's dismissal of their complaint on numerous grounds. First, they argue that the district court erred in failing to set aside "void orders." The Chows refer to a state court order and various orders issued in other federal courts dismissing their previous civil lawsuits as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2). As the district court explained, "[t]here is no authority for th[e] court to reverse or ignore standing decisions in other jurisdictions."

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Next, the Chows challenge the district court's imposition of sanctions. The court declined to impose the pre-filing injunction requested by Harold W. Green, Jr. and Hollins & Associates, but it concluded that lesser sanctions were warranted, including dismissal of the Chows' complaint with prejudice, revocation of their IFP status, and a warning that the filing of "similar vexatious and frivolous claims" could lead to the imposition of a pre-filing injunction against them, as well as financial sanctions. The Chows have failed to demonstrate that they would raise a nonfrivolous issue with respect to the district court's refusal to impose a pre-filing injunction in favor of lesser sanctions. *See Carson*, 689 F.2d at 586.

The Chows also contend that the district court erred in dismissing their claims against the City of Pomona and Alvarez-Glasman & Colvin based on the doctrines of res judicata and collateral estoppel. They challenge the court's application of these doctrines based on their frivolous legal theory that the orders dismissing their previous lawsuits against these defendants were "void." The Chows have not presented a nonfrivolous issue for appeal with respect to the district court's application of the doctrines of res judicata and collateral estoppel. *See Carson*, 689 F.2d at 586.

Further, the Chows argue that the district court erred in dismissing their claims against several defendants for lack of personal jurisdiction. They appear to believe that their civil conspiracy claim is enough to establish personal jurisdiction over all of the defendants. There is no authority from this court supporting the Chows' belief, and in a case that tangentially dealt with the position advanced by the Chows, we implicitly recognized that personal jurisdiction over one defendant conspirator is not sufficient to establish personal jurisdiction over a nonresident coconspirator. *See Thomas v. Kadish*, 748 F.2d 276, 282 (5th Cir. 1984).

No. 20-30503

Additionally, the Chows claim that they have established personal jurisdiction over the defendants because "[a]ll [d]efendants committed [f]raud" on a Louisiana federal district court. They also contend that venue is proper in Louisiana based on this theory. The Chows, however, do not explain what fraud the defendants committed or cite any relevant legal authority in support. Although we liberally construe the briefs of pro se litigants, arguments must be briefed in order to be preserved. *See* Fed. R. App. P. 28(a)(8)(A); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The Chows next contend that the district court erred in rejecting their claims of treason and misprision of treason, insisting that the other federal district courts did not have jurisdiction to issue "void orders" dismissing their complaints. Aside from the fact that this appears to be a different claim than what was raised before the district court, 18 U.S.C. §§ 2381 and 2382 do not provide a basis for civil liability.

According to the Chows, the district court erred in dismissing their complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. They argue, in a conclusory fashion, that "all [d]efendants are members of [a] decade's long continuing conspiracy and committed the intentional torts to harm [the Chows]." The Chows' conclusory statements are insufficient to show that the district court erred in dismissing their complaint, in part, for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Chows argue that the court erred in dismissing their claims against the United States as untimely. According to the Chows, they filed a timely administrative tort claim with the Department of Veterans Affairs and received "no reply" from the agency. This argument, however, is refuted by the agency letter attached to the Chows' complaint as an exhibit, which states that an agency determination was mailed to the Chows on February 10, 2017.

4

As the district court observed, the Chows did not file their complaint until October 16, 2019, well beyond the six-month limitation period. *See* 28 U.S.C. § 2401(b).

The Chows also argue that the district court erred in denying their motion to designate agency to make delivery of service. Though the Chows insist that there were delays in receiving at least one of the motions to dismiss, and that such delays prejudiced them by giving them only a "short time to oppose" the motions, they have not shown that they will raise a nonfrivolous issue for appeal with respect to the district court's denial of their motion. *See Carson*, 689 F.2d at 586.

Finally, to the extent that the Chows attempt to raise a claim of judicial bias against the federal district court judge who dismissed their complaint, they have not raised a nonfrivolous issue for appeal. A judge's adverse rulings against a plaintiff, without more, are insufficient to show judicial bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Because the Chows have failed to demonstrate that they will raise a nonfrivolous issue, their IFP motion is DENIED and their appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Further, because the Chows have filed substantially similar lawsuits against the same defendants in other federal district courts, which were dismissed as frivolous or for failure to state a claim, the Chows are WARNED that any future frivolous appeals or filings could subject them to sanctions, which may include monetary sanctions or restrictions on their ability to file pleadings in this court or any court subject to this court's jurisdiction.